# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        vs.<br><br>CYNTHIA MENA,<br><br>                              Defendant. | Criminal Case No. 11cr3532-MMA<br><br>[Related Civil Case No. 12cv999-MMA]<br><br>**ORDER SUMMARILY DISMISSING MOTION TO VACATE UNDER 28 U.S.C. § 2255**<br><br>[Doc. No. 27] |

Cynthia Mena ("Petitioner"), proceeding *pro se*, moves this Court to reduce her time in federal custody pursuant to 28 U.S.C. § 2255, arguing simply that her sentence is too lengthy. For the following reasons, the Court summarily **DISMISSES** the motion.

<u>DISCUSSION</u>

On September 1, 2011, pursuant to a written plea agreement, Petitioner pleaded guilty to a single-count information charging her with importing 5 kilograms or more, to wit: approximately 7.92 kilograms (17.46 pounds) of cocaine, a Schedule II Controlled Substance, into the United States from a place outside thereof; in violation of Title 21 of the United States Code, sections 952 and 960. *See Plea Agreement*, Doc. No. 15. This Court sentenced Petitioner on April 3, 2012 to 24 months imprisonment, 5 years of supervised release, and a $100 special assessment. *See Judgment*, Doc. No. 26.

Title 28 of the United States Code, section 2255, provides that if a petitioner's motion, file, and records "conclusively show that the movant is entitled to no relief" the Court summarily may dismiss the motion without sending it to the United States Attorney for response. *See* 28 U.S.C. § 2255(b). The rules regarding Section 2255 proceedings similarly state that the Court summarily may order dismissal of a 2255 motion without service upon the United States Attorney only "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . .". Rule 4(a), RULES-SECTION 2255 PROCEEDINGS (West 2009).[1] Thus, when a movant fails to state a claim upon which relief can be granted, or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

A defendant may waive his right to file a Section 2255 motion to challenge her sentence, but such a waiver must so expressly. *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000). Petitioner's plea agreement states in part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

*See* Doc. No. 15, p.11. The Ninth Circuit approves of such waivers on public policy grounds, reasoning that finality is "perhaps the most important benefit of plea bargaining." *United States v. Navarro-Botello*, 912 F.2d 318, 322 (9th Cir. 1990). Courts will generally enforce a defendant's waiver of his right to appeal if: (1) "the language of the waiver encompasses the defendant's right to

---

[1] Similarly, a court deciding a motion under 28 U.S.C. § 2255 is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Mere conclusory statements by the petitioner do not justify a hearing." *Baumann v. United States*, 692 F.2d 565, 571 (1982). Instead, a petitioner must make "specific factual allegations which, if true, would entitle him to relief." *Id.* As discussed below, Petitioner has failed to allege sufficient facts showing a possible right to relief. Therefore, an evidentiary hearing is not warranted in this case.

appeal on the grounds claimed on appeal," and (2) "the waiver is knowingly and voluntarily made." *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998). The Court concludes that both of these requirements are met in this case. Accordingly, Petitioner's motion is barred and subject to dismissal because of her plea agreement waiver.

Even if Petitioner had not waived her right to attack her conviction and sentence, Petitioner's motion remains subject to dismissal. She states that the Court gave her "too much time" and "my kids needed me." *See* Doc. No. 27, 5. The latter statement may be true, however, it is not a legally cognizable ground for relief. *See Marrow v. United States*, 772 F.2d at 526 (holding that dismissal is proper if the "allegations viewed against the record . . . fail to state a claim for relief . . . .").

### CONCLUSION

Based on the foregoing reasons, the Court summarily **DISMISSES** Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 [Doc. No. 27]. Petitioner has not made a substantial showing of the denial of a constitutional right, and accordingly, the Court does not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

**IT IS SO ORDERED**.

DATED: April 25, 2012

Hon. Michael M. Anello
United States District Judge